Mr. Chief Justice Shahket
delivered the opinion of the court.
An action of debt, instituted on a judgment of the court of common pleas of Richland district, in the state of South Carolina; and the errors assigned are, 1. That the court improperly decided for the plaintiff below, on the plea of nul tiel record. 2. That the court improperly sustained the demurrer to the other pleas.
Of the first errors we cannot judge, as the record is not before *723 us in such a way as to entitle it to notice. It is attached by the clerk of the circuit court of Madison county to the record after his certificate, and no doubt is correctly transcribed, but in order to bring it properly before this court, it should have been incorporated in a bill of exceptions.
The pleas to which the plaintiff demurred are, first, that the cause of action did not accrue within six years; second, nil debet-, and third, that the defendant has been regularly discharged from the debt by virtue of an insolvent law of the state of South Carolina. That the demurrer was properly sustained to the plea of the statute of limitations, I entertain no doubt, and it is only necessary to refer to the case of Mills v. Duryee, reported in 7 Cranch., to show that it was also correctly sustained to the plea of nil debet.
The demurrer, however, was improperly sustained to the plea of discharge, under the insolvent laws of South Carolina, because the matter is pleaded as a full discharge of the judgment by the law of that state. It does not touch the validity or bindihg effect of the judgment, but avoids it by matter subsequent. If by the laws of South Carolina, he was discharged from any liability arising under the judgment, he must also be discharged here, because the lex loci must prevail. This is not such a matter as would be injurious to the state or its citizens, and there is, therefore, no reason why a discharge effectual there, should not also be effectual here. It is averred in the plea that they were both citizens of that state at the time, and that the necessary steps were taken to complete the discharge. As the law on which the plea is based is not before us, we cannot undertake to decide how far the averments in the plea meet the requisites¡of the law. We can only decide that the subject matter of the plea is a good bar, and leave the party to show that his discharge is perfect by compliance with the law.
The judgment must be reversed and cause remanded.